# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DION K. WINISTOERFER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:04CV1124-SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is before the Court. The government has responded and also moved to dismiss the motion.

### Background

Movant entered a plea of guilty to conspiracy to manufacture, distribute and possess, with the intent to distribute, a detectable amount of methamphetamine. The quantity was in excess of 500 grams. A plea of guilty was also entered to the charge of conspiracy to possess pseudoephedrine having reasonable cause to believe that it would be used to manufacture methamphetamine. Movant also entered a plea of guilty to attempting to possess pseudoephedrine, having reasonable cause to believe that it would be used to manufacture methamphetamine. Judgment of guilty was entered on the basis of each of three pleas.

On October 27, 2003 defendant was sentenced to 168 months custody of the Bureau of Prisons as the penalty for the judgments of guilty.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

At the time of the pleas, the government and movant recommended to the Court the methodology for calculating the total offense level pursuant to the Sentencing Guidelines. It was recommended that the base offense level would be 36 and that two points should be added, as movant was an organizer, leader, manager or supervisor under U.S.S.G. 3B1.1(c). Three points were to be deducted for acceptance of responsibility and the parties estimated that the total offense level would be 35. With a total offense level of 35 and a criminal history category of 1, the range pursuant to the Sentencing Guidelines for imprisonment was 168 to 210 months. The court sentenced movant at the lower end of the guideline range.

Although it is somewhat difficult to determine the precise nature of movant's position, it appears that he asserts two grounds for relief. The first is ineffective assistance of counsel, and the second is an apparent Apprendi, Blakeley and Booker assertion of error.[1]

As to the first charge, apparently movant asserts his counsel was ineffective for failing to object to "the enhancement of two points for leadership role." Movant also suggests his counsel was ineffective "for failure to challenge the indictment's construction versus charging the individual counts that had no wieght (sic) in the indictment which was Count 2 and Count 7."

## Standard

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakeley v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

proceeding would have been different." Id. at 694. See also U.S. v. Coleman, 2005 WL 3021104 (E.D. Mo. 2005).

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel Hill v. Lockhart, 474 U.S. 52, 58 (1985). The performance prong of the Strickland test remains the same. Id. at 58-59. To establish prejudice in the context of the plea process, the defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial" Id. at 59.

The standard has recently been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> "An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id. *accord* Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair')."

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996); DeRoo at 925.

### Ground One

In the dialogue between the court and counsel at the time of the plea, the court discussed

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

carefully the recommendations of the parties as to the calculation of the total offense level. The court specifically referred to the recommendation of an upward adjustment of two points pursuant to U.S.S.G. 3B1.1(c). The court explained how the calculation would be made for a range of punishment when the total offense level would be a 35, as recommended by the parties, and the criminal history category would be a one. The court inquired if movant understood the methodology for calculating the total offense level and movant stated that he did understand. He also stated that he had discussed these calculations with his attorney and understood the procedure.

During the dialogue, movant stated that he was satisfied with his attorney and at the end of the proceedings stated that he understood the entire dialogue, and having done so, still reaffirmed his pleas of guilt. On the basis of these facts, the court is hard pressed to determine that movant has sustained his burden of showing that but for his counsel's alleged unprofessional errors, the result of the proceeding would have been different.

Pursuant to the plea agreement "The defendant [movant] further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." As suggested by the government in its motion and response, a defendant may effectively waive the statutory right to file a § 2255 motion challenging the length of his sentence. U.S. v. Chesney, 367 F.3d 1055, 1057-1058 (8th Cir. 2004). Although movant's waiver here excluded claims for ineffective assistance of counsel, the waiver should nevertheless be binding under the circumstances in this case.

### Ground Two

Movant's Apprendi, Blakeley, and Booker claim is also unavailable. In United States v.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Moss, 252 F.3d 993 (8th Cir. 2001) the Court of Appeals held that the precursor to Blakeley, Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) was not of watershed magnitude and that the holding of Teague v. Lane, 489 U.S. 288 (1989) barred the retroactive application of an Apprendi claim on collateral review. Similar reasoning prevents Blakeley from being applied retroactively in this case. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). (A procedural rule applies only prospectively unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Ibid at 2523.)

The court concludes therefore that movant's request to vacate, set aside or correct sentence by a person in federal custody pursuant to 18 U.S.C. § 2255 should be denied.

Dated this   9th   day of May, 2006.

_Stephen N. Limbaugh_
SENIOR UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com